UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KENNETH D. FARRELLY, NOREEN FARRELLY, EASTERN BANK, WASHINGTON TRUST COMPANY, and RHODE ISLAND DEPARTMENT OF ADMINISTRATION DIVISION OF TAXATION<br><br>Defendants. | ) | Civil No.<br>CA 07 106 ML |

**COMPLAINT**

The plaintiff, the United States of America, by its undersigned counsel, at the request and with the authorization of a delegate of the Secretary of the Treasury and as directed by a delegate of the Attorney General, pursuant to 26 U.S.C. §§ 7401 and 7403, brings this complaint to reduce unpaid federal income tax and trust fund recovery penalty assessments against Kenneth D. Farrelly to judgment, and to foreclose the federal tax liens associated with those assessments against a parcel of real property. For these purposes, the United States complains and alleges as follows:

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1340 and 1345 and 26 U.S.C. §§ 7402 and 7403.

2. Defendant Kenneth D. Farrelly ("Kenneth Farrelly") resides within the jurisdiction of this court.

3. Defendant Noreen Farrelly ("Noreen Farrelly") resides within the jurisdiction of this court. Noreen Farrelly is named as a defendant because she may claim an interest in the property on which the United States seeks to foreclose its federal tax liens.

4. Defendant Eastern Bank ("Eastern Bank") has a place of business at 125 Washington Street, Salem, Massachusetts 01970. Eastern Bank is named as a defendant in accordance with 26 U.S.C. § 7403(b), because it may claim an interest in the property on which the United States seeks to foreclose its federal tax liens as the most recent assignee of a mortgage on the property granted on or about December 29, 1997, and recorded with the Jamestown Town Clerk at Book 299, Page 299.

5. Defendant Washington Trust Company ("Washington Trust") has a place of business at 23 Broad Street, Westerly, Rhode Island 02891. Washington Trust is named as a defendant in accordance with 26 U.S.C. § 7403(b), because it may claim an interest in the property on which the United States seeks to foreclose its federal tax liens by virtue of a mortgage granted on or about March 9, 2001, and recorded with the Jamestown Town Clerk at Book 376, Page 84.

6. Defendant Rhode Island Department of Administration Division of Taxation ("Rhode Island Division of Taxation") has a place of business at One Capitol Hill, Providence, Rhode Island 02908, and is within the jurisdiction of this Court. The Rhode Island Division of Taxation is named as a defendant because it may claim an interest in the property on which the United States seeks to foreclose its federal tax lien by virtue of Rhode Island state tax liens.

## COUNT I - UNPAID INCOME TAXES

7. The United States re-alleges paragraphs 1 through 2 as though fully set forth herein.

8. A delegate of the Secretary of the Treasury made an assessment against Kenneth Farrelly, on the date, in the amount, and for the tax period as follows:

| Tax Period | Assessment Date | Unpaid Assessed Balance | Balance Due as of July 1, 2006 |
|---|---|---|---|
| 2003 | 5/24/2004 | 10,131.00 | 13,913.53 |

These assessments reflect income tax liability, including statutory interest and penalties, for the indicated tax year that had not been paid as of the date of assessment.

9. On or about the dates of assessment listed in Paragraph 8, notice of the assessment and demand for payment of the liability was sent to Kenneth Farrelly.

10. Despite notice and demand, Kenneth Farrelly has refused or neglected to pay fully the assessed liability.

11. There remains due and owing to the United States with respect to the assessment described in Paragraph 8 above, the sum of $13,913.53, plus statutory interest and additions from and after July 1, 2006.

**COUNT II - UNPAID EMPLOYMENT TAX PENALTIES**

12. The United States re-alleges paragraphs 1 through 2 as though fully set forth herein.

13. A delegate of the Secretary of the Treasury made further assessments against Kenneth Farrelly, on the dates, in the amounts, and for the tax periods as follows:

| Tax Period | Assessment Date | Amount Assessed | Balance Due as of July 1, 2006 |
|---|---|---|---|
| 9/30/2000 | 3/4/2002 | 124,545.22 | 124,577.22 |
| 3/31/2002 | 2/24/2003 | 58,076.16 | 58,094.66 |
| | | Total | 182,671.88 |

These assessments reflect trust fund recovery penalties relating to Infinity Construction Services Co., Inc., ("Infinity Construction") including statutory interest and penalties, for the indicated tax periods that had not been paid as of the dates of assessment.

14. On information and belief, Kenneth Farrelly was at all relevant times the President and a responsible officer of Infinity Construction. He was in charge of all aspects of the business. Kenneth Farrelly decided which bills of Infinity Construction should be paid, and in what order those bills were paid.

15. Kenneth Farrelly was responsible for collecting, truthfully accounting for, or paying over the employment tax liabilities of Infinity Construction for the periods reflected in Paragraph 13.

16. Kenneth Farrelly willfully failed to collect, truthfully account for, or pay over the employment tax liabilities of Infinity Construction for the periods reflected in Paragraph 13.

17. On or about the dates of assessment listed in Paragraph 13, notice of the assessments and demand for payment of the liabilities was sent to Kenneth Farrelly.

18. Despite notice and demand, Kenneth Farrelly has refused or neglected to pay fully the assessed liabilities.

19. There remains due and owing to the United States with respect to the assessments described in Paragraph 13 above, the sum of $182,671.88, plus statutory interest and additions from and after July 1, 2006.

**COUNT III – FORECLOSURE OF FEDERAL TAX LIENS**

20. The United States repeats and re-alleges paragraphs 1-19 as though fully set forth herein.

21. Pursuant to 26 U.S.C. §§ 6321 and 6322, as a result of the neglect, refusal, or failure of Kenneth Farrelly to provide for payment of the assessments described in paragraph 13 above, after notice and demand, federal tax liens in the amount of Kenneth Farrelly's unpaid liabilities referenced above arose on the dates of the assessments, and attached to all property and rights to property of Kenneth Farrelly, including after-acquired property. Notices of Federal Tax Lien for each of the assessments described in paragraph 13 were filed on August 7, 2002, and August 5, 2004, respectively.

22. Kenneth Farrelly and Noreen Farrelly became the owners of real property at 24 Seaside Drive, Jamestown, Rhode Island (the "24 Seaside Drive property") as tenants by the entirety on December 29, 1997.

23. The 24 Seaside Drive property is more fully described as follows:

> Those certain lots or parcels of land, with any buildings and improvements thereon, situated in the Town of Jamestown, County of Newport, State of Rhode Island, being located and described as Lot No. 278 and 279 on that plan of land entitled "JAMESTOWN SHORES PLAT NO. 2 IN JAMESTOWN, R.I. OWNED BY JAMES G. HEAD, APRIL 1947 R NEWMAN, ENGINEER", which plat is on file in the Town Clerk's office of the said Town of Jamestown, reference to which is hereby made for a more particular description.

24. A document titled "Quitclaim Deed" recorded May 8, 2003, recites that on April 25, 2003, Kenneth Farrelly and Noreen Farrelly transferred title for the 24 Seaside Drive property to Noreen Farrelly. This transfer was made subject to the federal tax liens against Kenneth Farrelly as alleged above.

25. The United States is entitled to foreclose its liens upon the 24 Seaside Drive property, to have that property sold at a judicial sale and have the proceeds applied toward satisfaction of Kenneth Farrelly's tax liabilities as set forth in paragraph 13.

WHEREFORE, the plaintiff, the United States of America, requests the following relief:

a) That this Court enter judgment with respect to the unpaid balance of the assessments described in paragraphs 8 and 13, above, in favor of the United States and against Defendant Kenneth Farrelly, in the total amount of $196,585.41, plus interest and other statutory additions accruing from and after July 1, 2006;

b) That this Court determine that the United States has valid and subsisting liens arising as a result of the assessments described in paragraph 13 above, which liens have attached to all property and rights to property of Kenneth Farrelly, including the real property described in paragraph 23 above;

c) That this Court order the foreclosure of the United States' federal tax liens upon the real property described in paragraph 23 above;

d) That this Court order the sale of the real property described in paragraph 23, by an officer of this Court, free and clear of any right, title, claim or interest of any of the parties to this action, with an appropriate portion of the proceeds of the sale to be distributed to the United States for application to the unpaid federal trust fund recovery penalty liabilities of Kenneth

Farrelly and to the other defendants in accordance with the amount of priority of their claims as they establish; and

e) That this Court award the United States such other and further relief as this Court deems just and proper.

ROBERT CLARK CORRENTE
United States Attorney

ROBERT J. KOVACEV
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 307-6541
Robert.J.Kovacev@usdoj.gov