# UNITED STATES DISTRICT COURT
# JUDICIAL DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| | ) | |
| **v.** | ) | **C.A. No. 07-106** |
| | ) | |
| | ) | |
| **KENNETH D. FARRELLY, NOREEN FARRELLY, EASTERN BANK, WASHINGTON TRUST COMPANY, and RHODE ISLAND DEPARTMENT OF ADMINISTRATION DIVISION OF TAXATION** | ) | |
| | ) | |
| **Defendants** | ) | |

## ANSWER OF THE RHODE ISLAND DEPARTMENT OF ADMINISTRATION DIVISION OF TAXATION

Now comes the named Defendant, Rhode Island Department of Administration, Division of Taxation, (sic) and hereby and herewith files its answer to the Complaint in the above captioned matter.

## I. JURISDICTIONAL ALLEGATIONS:

1. The Defendant can neither admit nor deny the averments Paragraph 1 of the Plaintiff's Complaint, and therefore leaves the Plaintiff to its proof thereof.

2. The Defendant can neither admit nor deny the averments Paragraph 2 of the Plaintiff's Complaint, and therefore leaves the Plaintiff to its proof thereof.

3. The Defendant can neither admit nor deny the averments Paragraph 3 of the Plaintiff's Complaint, and therefore leaves the Plaintiff to its proof thereof.

4. The Defendant can neither admit nor deny the averments Paragraph 4 of the Plaintiff's Complaint, and therefore leaves the Plaintiff to its proof thereof.

5. The Defendant can neither admit nor deny the averments Paragraph 5 of the Plaintiff's Complaint, and therefore leaves the Plaintiff to its proof thereof.

6. With the reservation that any of the Defendant's claim against, or interest in, property subject to United States' liens that the Plaintiff wishes to foreclose, are at present inchoate, the Defendant admits the averments in Paragraph 6.

**COUNT I – UNPAID INCOME TAXES**

Paragraphs 7, 8, 9, 10, and 11. The Defendant can neither admit nor deny the averments in these Paragraphs of the Plaintiff's Complaint, and therefore leaves the Plaintiff to its proof thereof.

**COUNT II – UNPAID EMPLOYMENT TAX PENALTIES**

Paragraphs 12, 13, 14, 15, 16, 17, 18, and 19. The Defendant can neither admit nor deny the averments in these Paragraphs of the Plaintiff's Complaint, and therefore leaves the Plaintiff to its proof thereof.

**COUNT III – FORECLOSURE OF FEDERAL TAX LIENS**

Paragraphs 20, 21, 22, 23, 24, and 25. The Defendant can neither admit nor deny the averments in these Paragraphs of the Plaintiff's Complaint, and therefore leaves the Plaintiff to its proof thereof.

## II. AFFIRMATIVE DEFENSES

### A. Jurisdiction over the Subject Matter.

As this Honorable Court is aware, the United States District Court is without subject matter jurisdiction over state tax matters, and the exhausting of administrative remedies is an essential pre-requisite for judicial review of any state tax matter, which has been situated by statute, in the District Court of Rhode Island. R. I. Gen. Laws §§ 8-8-8 (6); 8-8-24. *Owner-Operators Independent Driver's Association v. State*, 541 A.2d. 69, (R. I. 1988); *International Packaging Corp. v. Mayer*, 715 A.2d. 636, (R. I. 1998). Insofar as the within action is limited to foreclosure, and determining the extent or priority of the respective parties claims and liens against the debtor property, the Tax Administrator is without jurisdictional and procedural objection to the prosecution of the claims of the United States. However, in the event that any subsequent proceedings may entail a collateral attack upon the validity of a state tax liability or the propriety of the state tax lien arising there under, the gravamen of this action would become a state tax dispute, and determination of state lien priority. Accordingly, out of an abundance of caution, the Tax Administrator reserves his rights by raising the Affirmative Defenses of lack of subject matter jurisdiction, FRCP Rule

12 (b)(1); failure to state a claim upon which relief can be granted, FRCP Rule 12(b)(6); and those of Statute of Limitations, *res judicata*, and collateral estoppel.

**B. Established Rhode Island Tax Liens.**

The following liens for non-payment of payroll withholding taxes, Sales and Use taxes, corporate taxes, and personal income taxes, have been recorded by the State of Rhode Island, as against Defendant Kenneth D Farrelly d/b/a Infinity Construction Services, Inc.:

1. Real Estate Lien # 200200580 recorded against 24 Seaside Drive, Jamestown, Rhode Island, 02853, on 03/26/02;

2. Real Estate Lien # 200300807 recorded against 24 Seaside Drive, Jamestown, Rhode Island, 02853, on 02/18/03;

3. Real Estate Lien # 200400810 recorded against 1059 East Shore Road, Jamestown, Rhode Island, 02853, on 07/28/04.

**WHEREFORE**, the Defendant, Rhode Island Department of Administration, Division of Taxation demands judgment of dismissal of the Plaintiff's Complaint as against this Defendant, with prejudice, and without costs assessed, and other further relief that the United States District Court deems meet and proper.

Rhode Island Department of Administration
Division of Taxation,

By its Attorney,

Dated:_____04/19/07_________ ____/s/ Gerald F. McAvoy

Gerald F. McAvoy, Esq. (#2639)
R.I. DIVISION OF TAXATION
One Capitol Hill-4th floor
Providence, R.I. 02908-5800
Telephone: (401)-222-6271
Telecopier: (401)-222-8244

**CERTIFICATION**

I hereby certify that I caused a true copy of the within Memorandum of Law to be mailed, first class, postage prepaid, to the following Counsel of Record: Robert Clarke Corrente, United States Attorney, Fleet Center, 50 Kennedy Plaza, 8th Floor, Providence, RI 02903, and Robert J. Kovacev, Tax Division, Department of Justice, P.O. Box 55, Ben Franklin Station, Washington, D.C. 20044, on this 19th day of April , 2007.

___/s/ Gerald F. McAvoy