**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Civil No. 07-106 ML** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **Kenneth D. Farrelly, Noreen Farrelly, EASTERN BANK, WASHINGTON TRUST COMPANY and RHODE ISLAND DEPARTMENT OF ADMINISTRATION DIVISION OF TAXATION,** | ) | |
| | ) | |
| **Defendants** | ) | |

**ANSWER OF EASTERN BANK, DEFENDANT**

l. Defendant Eastern Bank, hereinafter "Eastern" is without sufficient information to either admit or deny the allegations contained in Paragraph 1 of the Complaint.

2. Eastern is without sufficient information to either admit or deny the allegations contained in Paragraph 2 of the Complaint.

3. Eastern is without sufficient information to either admit or deny the allegations contained in Paragraph 3 of the Complaint.

4. Eastern admits the allegations contained in Paragraph 4 of the Complaint except that its principal place of business is One Eastern Place, 195 Market Street, Lynn, MA 01907.

5. Eastern is without sufficient information to either admit or deny the allegations contained in Paragraph 5 of the Complaint.

6. Eastern is without sufficient information to either admit or deny the allegations contained in Paragraph 6 of the Complaint.

7. Eastern is without sufficient information to either admit or deny the allegations contained in Paragraph 7 of the Complaint.

8. Eastern is without sufficient information to either admit or deny the allegations contained in Paragraph 8 of the Complaint.

9. Eastern is without sufficient information to either admit or deny the allegations contained in Paragraph 9 of the Complaint.

10. Eastern is without sufficient information to either admit or deny the allegations contained in Paragraph 10 of the Complaint.

11. Eastern is without sufficient information to either admit or deny the allegations contained in Paragraph 11 of the Complaint.

12. Eastern is without sufficient information to either admit or deny the allegations contained in Paragraph 12 of the Complaint.

13. Eastern is without sufficient information to either admit or deny the allegations contained in Paragraph 13 of the Complaint.

14. Eastern is without sufficient information to either admit or deny the allegations contained in Paragraph 14 of the Complaint.

15. Eastern is without sufficient information to either admit or deny the allegations contained in Paragraph 15 of the Complaint.

16. Eastern is without sufficient information to either admit or deny the allegations contained in Paragraph 16 of the Complaint

17. Eastern is without sufficient information to either admit or deny the allegations contained in Paragraph 17 of the Complaint.

18. Eastern is without sufficient information to either admit or deny the allegations contained in Paragraph 18 of the Complaint.

19. Eastern is without sufficient information to either admit or deny the allegations contained in Paragraph 19 of the Complaint

20. Eastern is without sufficient information to either admit or deny the allegations contained in Paragraph 20 of the Complaint.

21. Eastern is without sufficient information to either admit or deny the allegations contained in Paragraph 21 of the Complaint.

22. Admitted.

23. Admitted.

24. Eastern is without sufficient information to either admit or deny the allegations contained in Paragraph 24 of the Complaint.

25. Eastern is without sufficient information to either admit or deny the allegations contained in Paragraph 25 of the Complaint.

And Eastern Bank further answers that

1. Eastern Bank, hereinafter “Eastern”, as successor by merger with said Plymouth Savings Bank is a secured lien holder in first position with respect to the Real Property known as 24 Seaside Drive, Jamestown, Rhode Island as it is holder of a certain Promissory Note dated December 29, 1997, executed by the said Kenneth Farrelly and Noreen Farrelly to Pymouth Mortgage Company in the principal amount of $264,100.00 (the 'Note') Said Note was assigned to Plymouth Savings Bank. A copy of the Note is annexed hereto as Exhibit 'A' and specifically incorporated herein by reference.

2. As security for the repayment of funds due pursuant to the Note above described, the Debtors granted to Plymouth Mortgage Company, Inc. a First mortgage dated December 29, 1997 (the "Mortgage") covering the premises known and numbered as 24 Seaside Drive, Jamestown, RI 02835 (the "Premises"). The Mortgage was duly perfected by its recording at the Town of Jamestown in Book 299, Page 299. Said Mortgage was assigned to Plymouth Savings Bank. A true and accurate copy of the Mortgage is annexed hereto as Exhibit "B" and is specifically incorporated herein by reference. A true and accurate copy of the Assignment of said Mortgage is annexed hereto as Exhibit "C" and is specifically incorporated herein by reference. No other Collateral secures Debtors' obligations under the Agreement.

3. As of April 6, 2007, the payoff amount of said Note is **$ 228,393.61**. Interest continues to accrue at the per diem rate of **$ 50.50**. Also, under the terms of the Note, the Debtors are responsible for reasonable costs of collection including reasonable attorneys fees.

WHEREFORE, EASTERN BANK PRAYS:

A. That the Court determine that the claim held by Eastern Bank as successor by merger to Plymouth Savings Bank is a valid first mortgage secured by the real estate known and numbered as 24 Seaside Drive, Jamestown, Rhode Island 02835; and

B. That in the event the said Real Property is sold pursuant to the order of this Court or otherwise, that Eastern Bank’s claim be paid in accordance with its first mortgagee’s priority position with respect to any of the other claims against the said Real Property; and

C. That Eastern Bank be awarded its legal fees and costs; and

D. That the Court grant such other relief as it deems proper.

Eastern Bank,
By its Attorney

/s/ Jeffrey W. Shub, Esq. (pro hac vice)
Jeffrey W. Shub BBO # 460100
Law Offices of Jeffrey W. Shub
27 Congress Street, Suite # 405
Salem, Massachusetts 01970
Telephone: (978) 740 9200
Facsimile: (978) 740-0300
jwshub@jwshub.com

Local Counsel:

/s/ Peter J. Brockmann, Esq.
Peter J. Brockmann, Esq. #4355

Brockmann & Associates, Ltd.
77 Narragansett Avenue
Jamestown, Rhode Island 02835
401-423-1969; fax: 401-633-6143
pjb@brocklaw.net

## CERTIFICATE

**The undersigned certifies that on the date stated below, the within document was filed electronically with the United States District Court (RI) and is available for viewing and downloading from the ECF system of said Court.**

**The undersigned further certifies that true and correct copies of the within document were served via the Court's CM/ECF system to the following parties:**

United States of America
Robert J. Kovacev
US Department of Justice, Tax Division
PO Box 55, Ben Franklin Station
Washington, DC 20044
robert.j.kovacev@usdoj.gov
***Counsel to USA (Plaintiff)***

Gerald F. McAvoy
Dept. of Administration
One Capitol Hill
Providence, RI 02908
gmcavoy.powers.doa@admin.ri.gov
***Counsel to RI Div. of Taxation***

**and by mailing, first class, postage prepaid, to any of the following parties not appearing on the Court's receipt of electronic filing:**

Kenneth D.Farrelly
24 Seaside Drive
Jamestown, RI 02835

Donald J. Lally, Jr., Esq.
Van Couyghen & Lally
19 Oak Street
Wakefield, RI 02879
***Counsel to Noreen Farrelly***

/s/ Jeffrey W. Shub, Esq._
Jeffrey W. Shub, Esq.