**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>KENNETH D. FARRELLY, NOREEN FARRELLY, EASTERN BANK, WASHINGTON TRUST COMPANY, and RHODE ISLAND DEPARTMENT OF ADMINISTRATION, DIVISION OF TAXATION,<br>Defendant | Civil Case No.: 07-106 ML |

ANSWER OF DEFENDANT, NOREEN FARRELLY

1. Defendant NOREEN FARRELLY is without sufficient information to either admit or deny the allegations contained in Paragraph 1 of Plaintiff's Complaint.

2. Defendant NOREEN FARRELLY is without sufficient information to either admit or deny the allegations contained in Paragraph 2 of the Plaintiff's Complaint.

3. Defendant NOREEN FARRELLY admits that she resides in the jurisdiction and admits she claims an interest in her home, the property, upon which the United States of America seeks to foreclose upon its federal tax liens.

4. Defendant NOREEN FARRELLY is without sufficient information to either admit or deny the allegations contained in Paragraph 4 of the Plaintiff's Complaint.

5. Defendant NOREEN FARRELLY is without sufficient information to either admit or deny the allegations in Paragraph 5 of the Plaintiff's complaint.

6. Defendant NOREEN FARRELLY is without sufficient information to either admit or deny the allegations contained in Paragraph 6 of the Plaintiff's Complaint.

7. Defendant NOREEN FARRELLY is without sufficient information to either admit or deny the allegations contained in Paragraph 7.

8. Defendant NOREEN FARRELLY is without sufficient information to either admit or deny the allegations contained in Paragraph 8.

9. Defendant NOREEN FARRELLY is without sufficient information to either admit or deny the allegations contained in Paragraph allegations contained in Paragraph 9 of the Plaintiff's Complaint.

10. Defendant NOREEN FARRELLY is without sufficient information to either admit or deny the allegations contained in Paragraph allegations contained in Paragraph 10 of the Plaintiff's Complaint.

11. Defendant NOREEN FARRELLY is without sufficient information to either admit or deny the allegations contained in Paragraph allegations contained in Paragraph 11 of the Plaintiff's Complaint.

12. Defendant NOREEN FARRELLY is without sufficient information to either admit or deny the allegations contained in Paragraph allegations contained in Paragraph 12 of the Plaintiff's Complaint.

13. Defendant NOREEN FARRELLY is without sufficient information to either admit or deny the allegations contained in Paragraph allegations contained in Paragraph 13 of the Plaintiff's Complaint.

14. Defendant NOREEN FARRELLY is without sufficient information to either admit or deny the allegations contained in Paragraph allegations contained in Paragraph 14 of the Plaintiff's Complaint.

15. Defendant NOREEN FARRELLY is without sufficient information to either admit or deny the allegations contained in Paragraph allegations contained in Paragraph 15 of the Plaintiff’s Complaint.

16. Defendant NOREEN FARRELLY is without sufficient information to either admit or deny the allegations contained in Paragraph allegations contained in Paragraph 16 of the Plaintiff’s Complaint.

17. Defendant NOREEN FARRELLY is without sufficient information to either admit or deny the allegations contained in Paragraph allegations contained in Paragraph 17 of the Plaintiff’s Complaint.

18. Defendant NOREEN FARRELLY is without sufficient information to either admit or deny the allegations contained in Paragraph allegations contained in Paragraph 18 of the Plaintiff’s Complaint.

19. Defendant NOREEN FARRELLY is without sufficient information to either admit or deny the allegations contained in Paragraph allegations contained in Paragraph 19 of the Plaintiff’s Complaint.

20. Defendant NOREEN FARRELLY reasserts all of her responses to paragraphs 1-19 of the Plaintiff’s complaint as her response to the allegations set forth in Count III, paragraph 20 of the Plaintiff’s complaint.

21. Defendant NOREEN FARRELLY is without sufficient information to either admit or deny the allegations contained in Paragraph allegations contained in Paragraph 20 of the Plaintiff’s Complaint.

22. Admitted.

23. Admitted.

24. Admitted as to Quitclaim Deed recorded May 8, 2003. This transfer was to be made subject to a limit upon Defendant, NOREEN FARRELLY, of no more than Fifty Thousand ($50,000.00) Dollars total in all tax liens and expenses pursuant to Rhode Island Family Court, District of Newport, Final Decree, Civil Action No. 02-0294 (See attached “Exhibit A”).

25. Denied.

DEFENDANT NOREEN FARRELLY’S

AFFIRMATIVE DEFENSE

A. Defendant Noreen Farrelly is an “Innocent Spouse”, as defined under Section 6015(c) or 66(c) of the Internal Revenue Code:

1. That Defendant Noreen Farrelly had no knowledge of the actions of Defendant Kenneth Farrelly concerning the business operations of the Infinity Construction Services, Inc.;
2. That a joint tax return was filed for the year 2000;
3. That Defendant Noreen Farrelly initiated a divorce action in 2001;
4. That Defendant Kenneth Farrelly left the state of Rhode Island in 2002;
5. That upon returning to Rhode Island, Defendant Kenneth Farrelly was committed to Butler Hospital;
6. That Defendant Noreen Farrelly had no knowledge of the plaintiff’s attempts to collect on debt owned by Infinity Construction Services, Inc.

7. That as a result of Defendant's, Kenneth Farrelly's, actions, the property located at 25 Seaside Drive, Jamestown, Rhode Island was not transferred to Defendant, Noreen Farrelly, until May 8, 2003.

8. That, on April 7, 2003, Defendant Noreen Farrelly and Defendant Kenneth Farrelly entered into a Decision Pending Final Judgment. Under said Judgment, Defendant Noreen Farrelly would contribute no more than Fifty Thousand ($50,000.00) Dollars towards all IRS and RI Tax Liens combined and Seven Thousand Five Hundred ($7,500.00) Dollars towards the costs of a C.P.A.

9. That it is Defendant's, Noreen Farrelly's, belief that no attempt was made to achieve an Offer and Compromise with IRS or the State of Rhode Island with regard to outstanding taxes;

10. That Defendant Kenneth Farrelly filed for Bankruptcy, Case Number 02-14507 on December 4, 2002;

11. That Defendants bought the property located at 25 Seaside Drive, Jamestown, Rhode Island on December 29, 1997;

12. That the money used for the down-payment and the purchase of said property was from money earned by both parties and not as a result of non-payment of taxes;

13. That Defendant Noreen Farrelly did not share in any revenue nor did she file taxes with Defendant Kenneth Farrelly in the tax year 2002. Said year resulted in a lien being filed against 25 Seaside Drive, Jamestown, Rhode

Island on July 29, 2004. Said property was deeded to Defendant Noreen Farrelly on May 8, 2003.

*WHEREFORE*, the defendant, Noreen Farrelly, demands judgment and dismissal of the plaintiff's Complaint as against this defendant, with prejudice and without costs assessed and other further relief that the United States District Court deems proper.

Noreen Farrelly,
By her attorney:
/s/ Donald J. Lally, Jr., Esq. #2542
19 Oak Street
Wakefield, RI 02879

Defendant demands a trial by jury of all issues available for same.

Dated: May 29, 2007

CERTIFICATION

I hereby certify that the within pleading was served electronically upon the following:

Eastern Bank,
Attorney Jeffrey W. Shub, Esq._(pro hac vice)
Jeffrey W. Shub BBO # 460100
Law Offices of Jeffrey W. Shub
27 Congress Street, Suite # 405
Salem, Massachusetts 01970
jwshub@jwshub.com
Local Counsel: Peter J. Brockmann, Esq.
Peter J. Brockmann, Esq. #4355
Brockmann & Associates, Ltd.
77 Narragansett Avenue
Jamestown, Rhode Island 02835
pjb@brocklaw.net

Americo M. Scungio
Scungio & Priolo
167 Main St.
Westerly, RI 02891

596-0151
amscungioesq@verizon.net

United States of America
Robert J. Kovacev
US Department of Justice, Tax Division
PO Box 55, Ben Franklin Station
Washington, DC 20044
robert.j.kovacev@usdoj.gov

Gerald F. McAvoy
Dept. of Administration
One Capitol Hill
Providence, RI 02908
gmcavoy.powers.doa@admin.ri.gov
Counsel to RI Div. of Taxation
Counsel to USA (Plaintiff)

and by mailing, first class, postage prepaid, to any of the following parties not appearing on the Court's receipt of electronic filing:

Kenneth D.Farrelly
1059 East Shore Road
Jamestown, RI 02835