UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:07cv106-ML-LDA |
| | ) | |
| KENNETH D. FARRELLY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**UNITED STATES' STATEMENT PURSUANT TO LOCAL RULE 16(C)**

The United States submits this statement pursuant to Local Rule 16(c) listing the elements that it must prove in order to prevail on the causes of action in its Complaint.

**Count I: Unpaid Income Taxes**

The United States seeks a money judgment for $13,913.53, plus statutory interest and additions from and after July 1, 2006, in unpaid income taxes against Defendant Kenneth Farrelly. In order to prevail, the United States must establish that the IRS assessed those unpaid income taxes against Farrelly in accordance with the requirements of the Internal Revenue Code. See 26 U.S.C. ("I.R.C.") §6201 et seq.

The United States intends to offer Certificates of Assessments, Payments, and Other Specified Matters, Form 4340 ("Certificates of Assessment"), memorializing the IRS assessments against Farrelly. These Certificates of Assessment suffice, as a matter of law, to prove that the IRS made its assessments against Farrelly on the dates indicated, and that it made those assessments according to the requirements of the Internal Revenue Code, leaving Farrelly to bear the burden of proving otherwise. Stuart v. United States, 337 F.3d 31, 34 (1st Cir. 2003) (citing Geiselman v. United States, 961 F.2d 1, 6 (1st Cir. 1992)).

**Count II: Unpaid Employment Tax Penalties**

The United States seeks a money judgment against Farrelly for a further $182,671.88, plus statutory interest and additions from and after July 1, 2006, in trust fund recovery penalties related to the failure of Infinity Construction Services Co., Inc. ("Infinity"), to remit to the IRS employment taxes withheld from the wages of its employees. The IRS may assess such penalties directly against an individual for a corporation's failure to remit withheld employment taxes if that individual was responsible for collecting, accounting for, and paying over those taxes and wilfully failed to do so. I.R.C. §6672.

In order to prevail, the United States must prove that a) Infinity failed to remit payroll taxes and withheld income taxes to the United States, while disbursing funds for other purposes; b) Farrelly (who was Infinity's President) was responsible for collecting, accounting for, and paying over Infinity's employment taxes; and c) Farrelly was aware that employment taxes were due and consciously disregarded his obligation to remit them. Stuart v. United States, 337 F.3d 31, 36 (1st Cir. 2003). Again, the United States intends to produce Certificates of Assessment as to the IRS assessments of trust fund recovery penalties against Farrelly, thus establishing Farrelly's liability for those penalties and requiring Farrelly to bear the burden of proving otherwise. Id.

**Count III: Foreclosure of Tax Liens**

The United States further seeks to foreclose federal tax liens arising from the trust fund recovery penalty assessments alleged in Count II against a parcel of real estate in which Farrelly had an interest at the time those assessments were made. A federal tax lien arises at the time that

the IRS makes an assessment for unpaid taxes, extends to "all property and rights to property, whether real or personal, belonging to" such person at the time the assessment is made, and continues to attach to that property until the amount of liability set forth in the assessment is satisfied. I.R.C. §§6321, 6322.[1] Upon authorization by the Secretary of the Treasury, the United States may enforce a federal tax lien by filing suit in district court seeking a judicial order to sell the property to which the lien attaches and distribute the proceeds to the United States and such other claimants as may establish an interest in the property. I.R.C. §7403. Once it has established the assessments against Farrelly, all the United States must establish in order to foreclose its tax liens is that Farrelly had, at the time, or any time after, those assessments were made, an interest in the property for which foreclosure is sought.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

/s/ Robert J. Kovacev
ROBERT J. KOVACEV
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 307-6541
Robert.J.Kovacev@usdoj.gov

---

[1] Congress has established certain exceptions to this rule, for instance giving holders of a perfected security interest in the property (such as a mortgage) priority over the federal tax lien unless the latter had been recorded prior to the perfection of that interest. I.R.C. §6323(a).

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that service of the foregoing has this 11th day of July, 2007, been made upon the following electronically via ECF or by depositing a copy in the United States mail, postage prepaid, addressed to:

Americo M. Spungio, Esq.
Scungio & Priolo
167 Main Street
Westerly, RI 02891

Gerald F. McAvoy, Esq.
Dept. of Administration
One Capital Hill
Providence, RI 02908

Jeffrey W. Shub, Esq.
Law Offices of Jeffrey W. Shub
27 Congress Street, Suite #405
Salem, MA 01970

Peter J. Brockmann, Esq.
Brockman & Associates, Ltd.
77 Narragansett Avenue
Jamestown, RI 02835

Kenneth D. Farrelly
1059 East Shore Road
Jamestown, RI 02835

Donald J. Lally, Jr., Esq.
Van Couyghen & Lally
19 Oak Street
Wakefield, RI 02879

/s/ Robert J. Kovacev
ROBERT J. KOVACEV
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 307-6541
Robert.J.Kovacev@usdoj.gov