UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

UNITIED STATES OF AMERICA

VS. CA NO 07-106 ML

KENNETH D. FARRELLY, NOREEN FARRELLY, EASTERN BANK, WASHINGTON TRUST COMPANY and RHODE ISLAND DEPAREMENT OF ADMINISTRATION DIVISION OF TAXATION

ANSWER OF DEFENDANT, THE WASHINGTON TRUST COMPANY
TO PLAINTIFF'S AMENDED COMPLAINT

1. Defendant, The Washington Trust Company, (hereinafter "WTC") is without sufficient knowledge to ascertain the truth or veracity of the allegations contained in Paragraph 1 of the Plaintiff's Amended Complaint and therefore leaves the Plaintiff to its proof thereof.

2. WTC is without sufficient knowledge to ascertain the truth or veracity of the allegations contained in Paragraph 2 of the Plaintiff's Amended Complaint and therefore leaves the Plaintiff to its proof thereof.

3. WTC is without sufficient knowledge to ascertain the truth or veracity of the allegations contained in Paragraph 3 of the Plaintiff's Amended Complaint and therefore leaves the Plaintiff to its proof thereof.

4. WTC is without sufficient knowledge to ascertain the truth or veracity of the allegations contained in Paragraph 4 of the Plaintiff's Amended Complaint and therefore leaves the Plaintiff to its proof thereof.

5. WTC admits the allegations set forth in Paragraph 5 of the Plaintiff's Amended Complaint and affirmatively states that it has an interest in the property which is superior to the Plaintiff as set forth in its statement of claim hereafter set forth.

6. WTC is without sufficient knowledge to ascertain the truth or veracity of the allegations contained in Paragraph 6 of the Plaintiff's Amended Complaint and therefore leaves the Plaintiff to its proof thereof.

6A. WTC is without sufficient knowledge to ascertain the truth or veracity of the allegations contained in Paragraph 6A of the Plaintiff's Amended Complaint and therefore leaves the Plaintiff to its proof thereof.

6B. WTC is without sufficient knowledge to ascertain the truth or veracity of the allegations contained in Paragraph 6B of the Plaintiff's Amended Complaint and therefore leaves the Plaintiff to its proof thereof.

7. WTC reasserts its responses to paragraphs 1 and 2 of the Plaintiff's Amended Complaint as set forth above as its answer to the allegations contained in Count I, Paragraph 7 of the Plaintiff's Amended Complaint.

8. WTC is without sufficient knowledge to ascertain the truth or veracity of the allegations contained in Count I, Paragraph 8 of the Plaintiff's Amended Complaint and therefore leaves the Plaintiff to its proof thereof.

9. WTC is without sufficient knowledge to ascertain the truth or veracity of the allegations contained in Count I, Paragraph 9 of the Plaintiff's Amended Complaint and therefore leaves the Plaintiff to its proof thereof.

10. WTC is without sufficient knowledge to ascertain the truth or veracity of the allegations contained in Count I, Paragraph 10 of the Plaintiff's Amended Complaint and therefore leaves the Plaintiff to its proof thereof.

11. WTC is without sufficient knowledge to ascertain the truth or veracity of the allegations contained in Count I, Paragraph 11 of the Plaintiff's Amended Complaint and therefore leaves the Plaintiff to its proof thereof.

12. WTC reasserts its responses to paragraphs 1 and 2 of the Plaintiff's Amended Complaint as set forth above as its answer to the allegations contained in Count II, Paragraph 12 of the Plaintiff's complaint.

13. WTC is without sufficient knowledge to ascertain the truth or veracity of the allegations contained in Count II, Paragraph 13 of the Plaintiff's Amended Complaint and therefore leaves the Plaintiff to its proof thereof.

14. WTC is without sufficient knowledge to ascertain the truth or veracity of the allegations contained in Count II, Paragraph 14 of the Plaintiff's Amended Complaint and therefore leaves the Plaintiff to its proof thereof.

15. WTC is without sufficient knowledge to ascertain the truth or veracity of the allegations contained in Count II, Paragraph 15 of the Plaintiff's Amended Complaint and therefore leaves the Plaintiff to its proof thereof.

16. WTC is without sufficient knowledge to ascertain the truth or veracity of the allegations contained in Count II, Paragraph 16 of the Plaintiff's Amended Complaint and therefore leaves the Plaintiff to its proof thereof.

17. WTC is without sufficient knowledge to ascertain the truth or veracity of the allegations contained in Count II, Paragraph 17 of the Plaintiff's Amended Complaint and therefore leaves the Plaintiff to its proof thereof.

18. WTC is without sufficient knowledge to ascertain the truth or veracity of the allegations contained in Count II, Paragraph 18 of the Plaintiff's Amended Complaint and therefore leaves the Plaintiff to its proof thereof.

19. WTC is without sufficient knowledge to ascertain the truth or veracity of the allegations contained in Count II, Paragraph 19 of the Plaintiff's Amended Complaint and therefore leaves the Plaintiff to its proof thereof.

20. WTC reasserts all of its responses to paragraphs 1-19 of the Plaintiff's complaint as its response to the allegations set forth in Count III, paragraph 20 of the Plaintiff's Amended Complaint.

21. WTC is without sufficient knowledge to ascertain the truth or veracity of the allegations contained in Count III, Paragraph 21 of the Plaintiff's Amended Complaint and therefore leaves the Plaintiff to its proof thereof.

22. WTC is without sufficient knowledge to ascertain the truth or veracity of the allegations contained in Count III, Paragraph 22 of the Plaintiff's Amended Complaint and therefore leaves the Plaintiff to its proof thereof.

23. WTC admits the allegations contained in Count III, Paragraph 23 of the Plaintiff's Amended Complaint.

24. WTC is without sufficient knowledge to ascertain the truth or veracity of the allegations contained in Count III, Paragraph 24 of the Plaintiff's Amended Complaint and therefore leaves the Plaintiff to its proof thereof.

25. WTC is without sufficient knowledge to ascertain the truth or veracity of the allegations contained in Count III, Paragraph 25 of the Plaintiff's Amended Complaint and therefore leaves the Plaintiff to its proof thereof.

## DEFENDANT, THE WASHINGTON TRUST COMPANY'S STATEMENT OF CLAIM

1. On or about March 9, 2001 and March 14, 2001 the Defendants, Kenneth Farrelly and Noreen Farrelly were the owners of the property described in Count III, Paragraph 23 of the Plaintiff's complaint. The property is located at 24 Seaside Drive, Jamestown, Rhode Island. (hereinafter referred to as the "Property")

2. On March 9, 2001, the Defendants, Kenneth Farrelly and Noreen Farrelly, executed an Equity Credit Line Agreement, ("Line of Credit"), in favor of The Washington Trust Company having an approved credit line limit in the amount of

$50,000. A true and accurate copy of said Line of Credit being attached hereto as Exhibit A.

3. That The Washington Trust Company is also the owner and holder of a mortgage conveying the property to it as security for the Defendants, Kenneth Farrrelly and Noreen Farrelly's obligations pursuant to the Line of Credit Agreement, The mortgage being dated March 9, 2001 and recorded on March 14, 2001 at 2:48 p.m., in Book 376 at page 84, with the records of Land Evidence in said Town of Jamestown, Rhode Island. ("Mortgage") A true and accurate copy of said Mortgage is attached hereto as Exhibit B.

4. Pursuant to said line of credit agreement The Washington Trust Company advanced sums to the Defendants, Kenneth Farrelly and Noreen Farrelly and there is currently due and owing pursuant to said Line of Credit and Mortgage, as of May 3, 2007, principal and interest in the amount of $49,884.42. In addition interest continues to accrue pursuant thereto at the rate of $11.29 per day.

5. That all of the obligations referred to in the preceding paragraphs are prior and superior to the purported tax liens of the Plaintiff as set forth in its complaint pursuant to which the Plaintiff seeks authority to sell the property to satisfy said purported liens.

Wherefore, The Washington Trust Company prays for relief as follows:

1. That the Court determine that the claim of WTC is a valid mortgage on the Property that is entitled to priority over the claims of the Plaintiff and liens recorded subsequent to its mortgage.

2. That in the event the premises are sold free of liens and encumbrances, The Washington Trust Company, be awarded and paid as a priority claim the full amount of principal, interest, late charges and expenses then due and owing to it pursuant said line of credit and mortgage, prior to the claims of the Plaintiff and all other subordinate liens encumbering the property.

3. The Washington Trust Company be awarded costs and attorney's fees in connection with the within proceeding.

4. The Washington Trust Company be awarded such other and further relief as this Honorable Court shall find appropriate.

The Washington Trust Company
By its attorney:

/s/ Americo M. Scungio, Esq.
Americo M. Scungio, Esq. #2771
SCUNGIO & PRIOLO
167 Main Street
Westerly, RI 02891
401-596-0151
Dated: October 11, 2007

CERTIFICATION

I hereby certify that the within pleading was served electronically upon the following individuals:

United States of America
Robert J. Kovacev, Esq.
US Department of Justice,
Tax Division
PO Box 55 Ben Franklin Station
Washington, DC 20044

Gerald F. McAvoy, Esq.
Dept. of Administration
One Capital Hill
Providence, RI 02908

Jeffrey W. Shub, Esq.
Law Offices of Jeffrey W. Shub
27 Congress Street, Suite #405
Salem, MA 01970

Peter J. Brockmann, Esq.
Brockman & Associates, Ltd.
77 Narragansett Avenue
Jamestown, RI 02835

Donald J. Lally, Jr., Esq.
Van Couyghen & Lally
19 Oak Street
Wakefield, RI 02879

I hereby certify that on the 15th day of October, 2007, I forwarded a copy of the within pleading, by regular mail postage prepaid to each of the following:

Kenneth D. Farrelly
1059 East Shore Road
Jamestown, RI 02835

/s/ Americo M. Scungio, Esq.